IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KARINE L. MAIER, as surviving )
spouse of James R. Maier and )
as Executrix of the Estate of )
James R. Maier, )
                              )
        Plaintiff, )
                              )
v.                            )    CASE NO: CV409-172
                              )
GREEN EYES USA, INC.; FAUSTINO )
JIMENEZ; CANAL INSURANCE )
COMPANY; SHELLY, MIDDLEBROOKS )
& O'LEARY, INC.; AEQUICAP )
INSURANCE COMPANY; K.V. )
CARRIER SERVICES, INC.; JAKE )
KANONITZ; KANNON & KANNON )
INSURANCE, INC.; DOT SERVICES )
CORP.; and AEQUICAP PROGRAM )
ADMINISTRATORS, INC; )
                              )
        Defendants. )
_____)



## O R D E R

Before the Court is Defendant K.V. Carrier Services, Inc.'s

("KV") Motion for Summary Judgment (Doc. 152) and accompanying

Brief in Support (Doc. 164). The Court has invested significant

resources in an attempt to rule on this dispositive motion, but

finds the task wholly insurmountable given the present state of

Defendant KV's accompanying brief. Fundamentally, this Court

applies Federal Rule of Civil Procedure 56 to summary judgment

motions, not O.C.G.A. § 9-11-56 and the Georgia Civil Practice

Act. (Doc. 164 at 2.) Defendant's counsel is specifically

advised that motions must contain citations to aid the Court in

deciding a case. Citations to the record should be to document and page numbers as assigned by the Clerk of Court. S.D. Ga. L.R. 7.1. Further, the Local Rules of this Court provide that pleadings should be double-spaced. S.D. Ga. L.R. 83.6.

Most importantly, however, briefs should aid, and not inhibit, the Court in deciding the motions before it. String citations without pincites or parentheticals are unhelpful, as is haphazard highlighting throughout a document. Transitionless jumps between unsupported facts devoid of any citation to record, and legal summaries related to this case in topic alone, leave this Court with far from a clear picture of Defendant's contentions. In fairness, Plaintiff should not be required to respond to such an incohesive document.

For the reasons above, Defendant is afforded the opportunity to file a Second Motion for Summary Judgment and proper, corrected brief within **thirty days** of the date of this order. Plaintiff is granted **twenty-one** days to respond, after which normal reply briefing deadlines will apply. Defendant's Motion for Summary Judgment (Doc. 152) is **DISMISSED.**

SO ORDERED this $28\frac{th}{}$ day of September 2011.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA