FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2012 JUL 11 PM 4:54

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KARINE L. MAIER, as )
surviving spouse of James R. )
Maier and as Executrix of )
the Estate of James R. )
Maier, )
 )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV409-172
 )
GREEN EYES USA, INC., )
FAUSTINO JIMENEZ, AEQUICAP )
INSURANCE COMPANY, K.V. )
CARRIER SERVICES, INC., DOT )
SERVICES CORP., and AEQUICAP )
PROGRAM ADMINISTRATORS, )
INC., )
 )
    Defendants. )
 )

## O R D E R

Before the Court is Plaintiff's "Motion for Default Judgment against K.V. Carrier Services, Inc." (Doc. 259.) For the following reasons, Plaintiff's motion is **DISMISSED**.

"Prior to obtaining a default judgment under . . . Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682 (3d ed. 1998); see also Meehan v. Snow, 652 F.2d

274, 276 (2d Cir. 1981).[1] The purpose of first requiring an entry of default is to afford the defendant an opportunity to have the default set aside, pursuant to Federal Rule of Civil Procedure 55(c), prior to the entry of a default judgment.[2] Allowing a party to obtain a default judgment before the entry of default would defeat that purpose.

As the entry of default by the Clerk of Court is a necessary precursor to filing a motion for default

---

[1] The Second Circuit explained the full procedure for seeking default and default judgment as follows:

> The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request. Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk. Finally, Rule 55(c) authorizes a motion to set aside a default judgment pursuant to Rule 60(b).

Meehan, 652 F.2d at 276 (internal citations omitted).

[2] It is clear why the Federal Rules of Civil Procedure provide a party with the opportunity to set aside an entry of default prior to the entry of default judgment. The standard for obtaining relief from an entry of default is much less demanding than obtaining relief from a default judgment. Compare Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause . . . ."), with id. 60(b) (allowing relief from judgment for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect").

judgment, Plaintiff's motion is not properly before the Court at this time. Therefore, Plaintiff's motion (Doc. 259) is **DISMISSED**.

SO ORDERED this 11th day of July 2012.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA