IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KARINE L. MAIER, as surviving )
spouse of James R. Maier and )
as Executrix of the Estate of )
James R. Maier, )
)
    Plaintiff, )
)
v. ) CASE NO. CV409-172
)
GREEN EYES USA, INC.; FAUSTINO )
JIMENEZ; CANAL INSURANCE )
COMPANY; SHELLY, MIDDLEBROOKS )
& O'LEARY, INC.; AEQUICAP )
INSURANCE COMPANY; K.V. )
CARRIER SERVICES, INC.; JAKE )
KANONITZ; KANNON & KANNON )
INSURANCE, INC.; DOT SERVICES )
CORP.; and AEQUICAP PROGRAM )
ADMINISTRATORS, INC; )
)
    Defendants. )
)

## O R D E R

Before the Court is Plaintiff's Motion to Amend this Court's September 4, 2015 Order. (Doc. 304.) For the following reasons, the motion is **DENIED**. This case remains closed.

## ANALYSIS

Plaintiff filed this case in the State Court of Chatham County on October 8, 2009. She brought claims on her own behalf and on behalf of her minor children against Defendants Green Eyes USA, Inc.; Faustino Jimenez; Canal Insurance Company; Shelly, Middlebrooks & O'Leary, Inc.; Aequicap Insurance

1

Company; and K.V. Carrier Services, Inc. for the death of her spouse James R. Maier in a roadside accident. (Doc. 1, Attach. 3.) On February 11, 2010, Plaintiff filed an amended complaint adding Defendants Jake Kanonitz; Kannon & Kannon Insurance, Inc.; and DOT Services Corp. (Doc. 40.) Westfield Insurance Company was added as an interested party on the basis that it was required to pay uninsured motorist benefits to Plaintiff and answered the complaint on February 23, 2010. (Doc. 52.) On September 16, 2010, Aequicap Program Administrators, Inc. was joined as a Defendant. (Doc. 96.)

On August 29, 2011, the Court granted Plaintiff's and Westfield's request for a dismissal without prejudice. (Doc. 243.) On September 9, 2011, the Court dismissed Defendants Kanonitz and Kannon & Kannon Insurance, Inc. based on a lack of personal jurisdiction. (Doc. 244.) On September 30, 2011, the Court granted summary judgment to Defendants Canal Insurance Company and Shelly, Middlebrooks & O'Leary, Inc., and dismissed them from this case. (Doc. 251.) On October 28, 2011, Plaintiff filed a motion requesting that the Court certify its September 30, 2011 order as final pursuant to Fed. R. Civ. Pro. 54(b). (Doc. 257.) That motion was denied on August 6, 2012 and the case continued. (Doc. 268.)

On August 10, 2012, Plaintiff filed a Suggestion of Bankruptcy as to Defendant K.V. Carrier Services, Inc. (Doc.

2

269) and the Court entered an order staying the case on August 17, 2012 (Doc. 271). The case remained stayed for some time and on September 9, 2014, the Plaintiff filed a Motion to Dismiss Defendants Green Eyes USA, Inc.; Faustino Jimenez; Aequicap Insurance Company; Aequicap Program Administrators, Inc.; K.V. Carrier Services, Inc.; and DOT Services Corp without prejudice. (Doc. 286.) Plaintiff also requested the entry of a final judgment. (Id.) On September 4, 2015, the Court entered an order granting Plaintiff's motion. (Doc. 298.) The Court noted that the Court's September 20, 2011 order granting summary judgment in favor of Defendants Canal Insurance Company and Shelly, Middlebrooks, and O'Leary, Inc. effectively became the Court's final judgment in this case as the result of the voluntary dismissal of the remaining defendants. (Id. at 2.)

Plaintiff appealed the September 20, 2011 order to the Court of Appeals for the Eleventh Circuit on October 2, 2015. (Doc. 299.) On February 3, 2016, that court dismissed the notice of appeal for lack of jurisdiction because there was no final order. (Doc. 303.) Plaintiff filed the instant motion to amend on June 22, 2016 "pursuant to Rule 54(b) to state that 'there is no just reason for delay' and to expressly direct the entry of a final judgment as to Canal Insurance Company and Shelly, Middlebrooks, & O'Leary, Inc." (Doc. 304.) Essentially, Plaintiff is once again asking this Court to certify the

September 4, 2015 order as a final order so that Plaintiff may appeal.

Unfortunately, the Court cannot grant Plaintiff the relief she desires. Ryan v. Occidental Petroleum Corp., 577 F.2d 298, 303 (5th Cir. 1978)[1] establishes that a partial entry of summary judgment followed by a voluntary dismissal of all remaining claims without prejudice does not create a final judgment. Absent this final judgment, the Court of Appeals lacks the jurisdiction to review the case. Essentially, the Ryan rule prevents parties from creating appellate review "without district court sanction or a truly 'final' judgment." Perry v. Schumacher Grp. of La., 2015 WL 2157475, at *3 (M.D. Fla. May 7, 2015).

There are three recognized exceptions to the Ryan rule. The Jetco[2] exception recognizes that an action can become final when "a series of court orders, considered together, terminate the litigation as effectively as a formal order." Mesa v. United States, 61 F.3d 20, 21 (11th Cir. 1995). However, this exception operates only when the plaintiff dismisses all remaining claims

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.
[2] Jetco Elec. Indus., Inc. v. Gardiner, 473 F.2d 1228, 1231 (5th Cir. 1973), abrogated by United States v. Cooper, 135 F.3d 960 (5th Cir. 1998).

4

with prejudice. Perry, 2015 WL 2157475, at *4 ("Here, the parties themselves voluntarily dismissed the remaining claim without prejudice and so the Jetco exception is inapplicable."). The Schoenfeld exception allows a plaintiff to dismiss claims without prejudice prior to an order disposing of the remaining claims on the merits. Schoenfeld v. Babbitt, 168 F.3d 1257, 1266 (11th Cir. 1999). Finally, a plaintiff may appeal a judgment against it when that judgement is followed by the dismissal of all remaining claims in the case via a stipulated dismissal between the defendant and a third-party. CSX Transp., Inc. v. City of Garden City, 235 F.3d 1325 (11th Cir. 2000). None of these exceptions apply to Plaintiff's case. Plaintiff voluntarily dismissed the remaining Defendants without prejudice after the entry of a judgment disposing of some claims on the merits. In addition, there is no third-party claim. Accordingly, the Eleventh Circuit Court of Appeals does not have jurisdiction in this case.

However, Plaintiff in this case has lost more than appellate review. When parties seek to voluntarily dismiss claims without prejudice and then appeal an earlier partial judgment on the merits, the district court lacks the ability to review the case as there are no claims left to adjudicate. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) ("[V]oluntary dismissal render[s] the proceedings a

5

nullity and leave[s] the parties as if the action had never been brought." (citations omitted)). Eleventh Circuit precedent holds that the Court does not have jurisdiction to enter a Rule 54(b) order retroactively. Mullins v. Nickel Plate Mining Co., 691 F.2d 971 (1982) (holding that district courts may not retroactively certify judgments as final pursuant to rule 54(b)). While the Court has recognized some exceptions, none are applicable in Plaintiff's case. See Perry, 2015 WL 2157475, at *8 (noting that the Court could enter such an order only if "(1) [Plaintiff] had filed her notice of appeal *after* the orders dismissing the claims were granted but *before* the court entered judgment on those claims, and (2) [Plaintiff] had moved this Court to certify its judgment of those orders under Rule 54(b) *after* the premature notice of appeal but *before* the Court had already entered judgment"). Moreover, the Court cannot amend the order pursuant to Rule 60(b) because the judgment is not a final order. Mullins, 691 F.2d at 974.

Plaintiff notes that when the Ryan rule prevents jurisdiction in the Court of Appeals, a case may be "returned to the district court and the parties may seek to reopen the case and reinstate the claim dismissed without prejudice." State Treasurer of Mich. v. Barry, 168 F.3d 8, 16 (11th Cir. 1999.) Moreover, Plaintiff has noted that "if the September 4, 2015 dismissal without prejudice were to be converted into a

dismissal with prejudice, Plaintiff would be able to appeal the September 30, 2011 order granting summary judgment as to Canal and Shelly." (Doc. 307 at 4.) This may be true, but Plaintiff has not asked the Court to either convert the dismissal to one with prejudice or reopen the case and reinstate the claim. Plaintiff requested only that the Court "vacate that portion of its September 4, 2015 Order granting a voluntary dismissal to the remaining parties pursuant to Fed. R. Civ. P. 41(a)(2)," but provided no method or argument for such an amendment. (Doc. 304 at 11.) However, nothing in this order prevents Plaintiff from making such a request in the future.

## CONCLUSION

This is an unusual situation, and the Court is aware of the difficulties that the procedural posture of this case places on Plaintiff. However, the Court cannot see any way forward based on the arguments provided in Plaintiff's current brief. For the following reasons, Plaintiff's Motion to Amend this Court's September 4, 2015 Order (Doc. 304) is **DENIED**. This case remains closed.

SO ORDERED this 30th day of November 2016.

WILLIAM T. MOORE, JR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA