IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KARINE L. MAIER, as surviving )
spouse of James R. Maier and as )
Executrix of the Estate of James )
R. Maier, )
)
    Plaintiff, )
)
v. ) CASE NO. CV409-172
)
GREEN EYES USA, INC.; FAUSTINO )
JIMENEZ, CANAL INSURANCE )
COMPANY; SHELLY, MIDDLEBROOKS & )
O'LEARY, INC.; AEQUICAP )
INSURANCE COMPANY; K.V. CARRIER )
SERVICES, INC.; JAKE KANONITZ; )
KANNON & KANNON INSURANCE, INC.; )
DOT SERVICES CORP.; AEQUICAP )
PROGRAM ADMINISTRATORS, INC.; )
WESTFIELD INSURANCE COMPANY, )
)
    Defendants. )
)

## O R D E R

Before the Court is the parties' briefings on the citizenships of Decedent James Maier and Defendant Faustino Jimenez (Doc. 339; Doc. 344; Doc. 348; Doc. 352), and Defendants' Motion to Reopen Discovery (Doc. 340). For the following reasons, the Court finds that the record has been sufficiently developed to establish that Decedent James Maier was a citizen of Georgia at the time of his death. The Court, however, finds that the record is insufficient to establish the citizenship of Defendant Jimenez. Accordingly, Defendants' request to reopen limited discovery is **GRANTED IN PART**.

Defendants will be permitted to conduct limited jurisdictional discovery in order to further develop the record with respect to Defendant Jimenez's citizenship until **March 6, 2019.**

## Background

This case arises from a traffic accident which resulted in the death of James Maier. (Doc. 1, Ex. 3 at 8.) On February 17, 2009, Plaintiff Karine Maier brought suit in the State Court of Chatham County seeking to recover for the wrongful death of her husband, James Maier. (Id.) On November 10, 2009, Defendants removed this action to this Court based on diversity jurisdiction. (Doc. 1.) In their notice of removal, Defendants alleged that Defendant Faustino Jimenez was "a resident of Florida." (Id. at 2.) Defendants, however, failed to make any representation in the notice of removal with respect to the citizenship of Decedent James Maier. (Id.)

On July 5, 2018, the Eleventh Circuit reviewed the notice of removal to determine its jurisdiction over this action and found the notice of removal to be deficient. (Doc. 337.) Accordingly, the Eleventh Circuit remanded this action to this Court for the "limited purpose of making the factual determination of (1) where Jimenez was a citizen at the time of removal, and (2) where decedent James Maier was a citizen at the time of his death." (Id.) In accordance with the Eleventh Circuit's order, this Court

instructed the parties to file briefing detailing the citizenships of both Decedent Maier and Defendant Jimenez. (Doc. 338.)

On July 31, 2018, Defendants filed a brief highlighting evidence to demonstrate the citizenships of both Defendant Jimenez and Decedent Maier. (Doc. 339.) Defendants claim that the record clearly shows that Defendant Jimenez was a resident of Florida, and that Decedent Maier was a resident of Georgia at the time of his death. (Id.) Alternatively, Defendants filed a motion, requesting that the Court reopen discovery to permit Defendants to supplement the record in this case. For her part, Plaintiff disputes Defendants' arguments that the record is sufficient to establish either Defendant Jimenez's or Decedent Maier's citizenship. Moreover, Plaintiff opposes Defendants' request to reopen discovery. Plaintiff contends that Defendants have had over 388 days to conduct discovery and have failed to clearly establish the citizenship of either Decedent Maier or Defendant Jimenez. (Doc. 344 at 9.) Accordingly, Plaintiff contends that Defendants should not be now allowed to reopen discovery. (Doc. 343.) Before considering whether limited discovery is appropriate in this action, the Court must consider whether Defendants have offered enough evidence to establish the citizenship or either Defendant Jimenez or Decedent Maier.

**ANALYSIS**

I.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), an action filed in state court may be removed to federal court based upon diversity or federal question jurisdiction. When removal is based on diversity jurisdiction, "[t]he party seeking to invoke a federal forum traditionally bears the burden of persuasion on jurisdictional issues such as establishing the citizenship of the parties." Life of S. Ins. Co. v. Carzell, 851 F.3d 1341, 1344 (11th Cir. 2017) (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994)). Typically, the removing party can satisfy this burden by "show[ing], by a preponderance of the evidence, facts supporting jurisdiction." Burns, 31 F.3d at 1094.

For an individual, "citizenship is determined by domicile, and it is well established that '[a] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" Cordell Funding, LLLP v. Jenkins, 722 F. App'x 890, 894 n.2 (11th Cir. 2018) (quoting Sunseri v. Macro Cellular Partners, 412 F.3d 1247, 1249 (11th Cir. 2005) (internal quotations omitted)). When determining a person's domicile, this Court accepts certain presumptions as true. These presumptions include the presumption "that the state in which a person resides at any

4

given time is also that person's domicile," McDonald v. Equitable Life Ins. Co. of Iowa, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. 1998) (citing District of Columbia v. Murphy, 314 U.S. 441, 455 (1941)), and that "once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state," id. (citing McDougald v. Jenson, 786 F.2d 1465, 1483 (11th Cir. 1986)). Outside of these presumptions, courts are permitted to

> examine numerous specific objective facts to determine whether a domicile has been established; these facts include: location of employment; home ownership and ownership of other real property; location of one's household furnishings; registration and title to one's automobiles; driver's licensing; voter registration; payment for utilities; banking; acquiring a telephone number and listing it; receiving mail; and establishing membership in local professional, civic, religious, or social organizations.

Audi Performance & Racing, LLC v. Kasberger, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003) (internal quotations omitted). Importantly, the Court must consider these facts in order to determine the individual's citizenship at the time of removal. Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1317 (11th Cir. 2017).

II. CITIZENSHIP OF JAMES MAIER

After reviewing the notice of removal in this case, the Eleventh Circuit found that Defendants failed to properly allege the citizenship of Karine Maier because Defendants had not provided

5

any allegation as to Decedent James Maier's citizenship at the time of his death. (Doc. 337 at 2.) In this Circuit, it is well established that "[w]here an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and [the decedent] is deemed to be a citizen of the state in which []he was domiciled at the time of [his] death." King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007). Accordingly, Defendants must establish Decedent Maier's citizenship in order to properly allege the citizenship of Plaintiff Karine Maier, as the representative of Decedent Maier's estate.

In their briefings, Defendants argue that there is sufficient evidence in the record to determine that Decedent Maier was a citizen of Georgia at the time of his death. (Doc. 339; Doc. 348.) Specifically, Defendants point to (1) Decedent Maier's voting record and voting profile which demonstrates that his last registered address was at 101 Sabal LN, Savannah, Georgia 31405-1089 (Doc. 339, Ex. A); (2) a police report that mentions Decedent Maier's Georgia driver's license (Doc. 339, Ex. F); (3) Decedent Maier's death certificate and cremation bill which details his address in Georgia (Doc. 339, Ex. B); (4) a Georgia registration for a business owned and operated by Decedent Maier and his brother (Doc. 339, Ex. E); and (5) the Solemn Form Petition filed in the Probate Court of Chatham County which states that Decedent Maier was domiciled in Georgia with his wife at the time of his death

(Doc. 339, Ex. C). Further, Defendants cite testimonial evidence provided by Karine Maier, and Greg Maier, Decedent's wife and brother, respectively, which demonstrates that Decedent Maier was a resident of Georgia at the time of his death. (See Doc. 339, Ex. G at 8-9 (discussing living with Decedent Maier in Chatham County).) Defendants contend that this evidence conclusively shows that Decedent Maier, and, therefore, Plaintiff Karine Maier, as the representative of Decedent Maier's estate, are citizens of Georgia. Alternatively, if the Court finds that the record is currently insufficient, Defendants request the opportunity to conduct limited discovery to further develop the factual record to establish Decedent Maier's citizenship in Georgia at the time of his death. (Doc. 340.)

After careful review of the record, the Court finds that Defendants have demonstrated that Decedent Maier was domiciled in Georgia at the time of his death. The Court finds that the provided death certificate detailing Decedent Maier's address in Georgia at the time of his death is particularly persuasive. Given the Georgia address listed on his death certificate in conjunction with the other evidence provided, the Court is satisfied that Defendants have met their burden to demonstrate that Decedent Maier was domiciled in Georgia at the time of his death. See, e.g., Jenkins, 722 F. App'x at 894 n.2 ("Jenkins lived in Georgia, where he owned a home, voted and paid property taxes.") Accordingly, the Court

finds that reopening discovery to allow Defendants to further investigate Decedent Maier's citizenship is unwarranted at this time. As a result, Defendants' request to reopen discovery to seek additional discovery with respect to Decedent Maier's citizenship is denied.

III. CITIZENSHIP OF FAUSTINO JIMENEZ

In addition to raising concerns about Decedent Maier's citizenship, the Eleventh Circuit also found that the record was insufficient to establish Defendant Faustino Jimenez's citizenship at the time this case was removed in 2009. (Doc. 337.) While the notice of removal provided that Defendant Jimenez lived in Florida and evidence in the record established that Defendant Jimenez was domiciled in Florida in 2008, the Eleventh Circuit found that the record failed to show where Defendant Jimenez was domiciled at the time of removal in 2009. (Doc. 337.) Without evidence that establishes Defendant Jimenez's citizenship at the time this action was removed, Defendants have not properly demonstrated that diversity jurisdiction exists in this action.

In their briefings, Defendants contend that there is sufficient evidence on the record to establish that Defendant Jimenez was a citizen of Florida at the time this action was removed in November of 2009. (Doc. 339; Doc. 348.) Defendants cite (1) a Florida driver's license belonging to Defendant Jimenez that was renewed in 2006 (Doc. 141, Ex. 12); (2) Defendant Jimenez's

8

admission on a job application that his address was located in Miami, Florida (Doc. 141, Ex. 5 at 42); (3) Defendant Jimenez's employment with Green Eyes USA Inc., which listed Miami, Florida as his home terminal (Id. at 55); (4) Defendant Jimenez's voter registration and evidence that he voted in Florida in 2016[1]; and (5) an alleged recent hospitalization in Miami, Florida due to a seizure (Doc. 339, Ex. K). In addition, Defendants contend that Plaintiff's own admission to this Court establishes that Defendant Jimenez was domiciled in Florida at the time this action removed. (Doc. 339, Ex. I.)

After careful review of the record, however, the Court finds that the record is insufficient to establish where Defendant Jimenez was a citizen when this case was removed in 2009. While Defendants have worked to establish that Defendant Jimenez likely was domiciled in Florida in 2008 and more recently in 2016, the Court is unable to determine from the record where Defendant Jimenez lived at the time this action was removed. Moreover, Plaintiff's own admission that Defendant Jimenez resided in Florida is not conclusive. See Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ., 663 F.3d 1304, 1304 (11th Cir. 2011)

---

[1] Defendants contend that this evidence exists but have not properly filed this evidence on the record. Defendants note that this information is subject to a forthcoming motion to seal. However, no such motion was ever filed on the docket. Regardless, the Court finds Defendants' showing with respect to Defendant Jimenez's citizenship to be insufficient.

9

(discussing that "jurisdiction cannot be created by consent"). While Defendants are correct that the record appears to show that Defendant Jimenez lived in Florida at the time this case was removed, Defendants have not shown that Defendant Jimenez was domiciled in Florida during the relevant time period by a preponderance of the evidence.

Although Defendants have failed to properly establish Defendant Jimenez's citizenship in 2009, the Court will provide Defendants with the opportunity to engage in limited discovery to supplement the record with evidence of where Defendant Jimenez was domiciled in 2009. The Court acknowledges that Plaintiff heavily objects to Defendants' right to engage in any further discovery in this case. (See Doc. 343; Doc. 350; Doc. 354.) Plaintiff contends that Defendants have already been provided with extensive discovery in this case and should not now be allowed to correct a deficiency that Defendants could have addressed during the initial discovery period. Moreover, Plaintiffs contend that this Court lacks jurisdiction to reopen discovery in this case.

While the Court has considered Plaintiff's objections, the Court finds Plaintiff's position to be unconvincing. The Eleventh Circuit has directed this Court to supplement the record so as to develop a factual basis for the Eleventh Circuit to determine its own jurisdiction over this action. (Doc. 337.) In accordance with that directive, the Court will allow Defendants to conduct limited

discovery. Accordingly, Defendants' Motion to Reopen Discovery (Doc. 340) is **GRANTED IN PART**. Defendants will be permitted to engage in limited discovery solely to discern information related to Defendant Jimenez's citizenship in November of 2009. Defendants shall be permitted to engage in this limited discovery until **March 6, 2019**. Defendants are **DIRECTED** to provide a brief and any supporting documentation which establishes Defendant Jimenez's citizenship during the relevant time period by **March 20, 2019**.

SO ORDERED this 24th day of January 2019.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA