IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KARINE L. MAIER, as surviving )
spouse of James R. Maier and as )
Executrix of the Estate of James )
R. Maier, )
)
    Plaintiff, )
)
v. ) CASE NO. CV409-172
)
GREEN EYES USA, INC.; FAUSTINO )
JIMENEZ, CANAL INSURANCE )
COMPANY; SHELLY, MIDDLEBROOKS & )
O'LEARY, INC.; AEQUICAP )
INSURANCE COMPANY; K.V. CARRIER )
SERVICES, INC.; JAKE KANONITZ; )
KANNON & KANNON INSURANCE, INC.; )
DOT SERVICES CORP.; AEQUICAP )
PROGRAM ADMINISTRATORS, INC.; )
and WESTFIELD INSURANCE COMPANY; )
)
    Defendants. )
)

## O R D E R

Before the Court are the parties' briefings on the citizenship of Defendant Faustino Jimenez. (Doc. 365; Doc. 366; Doc. 373.) For the following reasons, the Court finds that the record has been sufficiently developed to establish that Faustino Jimenez was a citizen of Florida at the time this action was removed. The Clerk is **DIRECTED** to return this case to the Eleventh Circuit.

### Background

This case arises from a traffic accident which resulted in the death of James Maier. (Doc. 1, Ex. 3 at 8.) On February 17,

2009, Plaintiff Karine Maier brought suit in the State Court of Chatham County seeking to recover for the wrongful death of her husband, James Maier. (Id.) On November 10, 2009, Defendants removed this action to this Court based on diversity jurisdiction. (Doc. 1.) In their notice of removal, Defendants alleged that Defendant Faustino Jimenez was "a resident of Florida." (Id. at 2.) Defendants, however, failed to make any representation in the notice of removal with respect to the citizenship of Decedent James Maier. (Id.)

On July 5, 2018, the Eleventh Circuit reviewed the notice of removal to determine its jurisdiction over this action and found the notice of removal to be deficient. (Doc. 337.) The Eleventh Circuit remanded this action to this Court for the "limited purpose of making the factual determination of (1) where Jimenez was a citizen at the time of removal, and (2) where decedent James Maier was a citizen at the time of his death." (Id.) In accordance with the Eleventh Circuit's order, this Court instructed the parties to file briefing detailing the citizenships of both Decedent Maier and Defendant Jimenez. (Doc. 338.)

On July 31, 2018, Defendants filed a brief highlighting evidence to demonstrate the citizenships of both Defendant Jimenez and Decedent Maier. (Doc. 339.) Defendants claimed that the record clearly established that Defendant Jimenez was a resident of Florida, and that Decedent Maier was a resident of Georgia at the

2

time of his death. (Id.) Alternatively, Defendants filed a motion, requesting that the Court reopen discovery to allow Defendants to supplement the record in this case. (Doc. 340.) The Court reviewed the briefings and found that Defendants had properly established that Decedent Maier was a citizen of Georgia at the time of the death. (See Doc. 356 ("The Court finds that the provided death certificate detailing Decedent Maier's address in Georgia at the time of his death is particularly persuasive.").) The Court, however, found that the record was insufficient to establish the citizenship of Defendant Jimenez at the time of removal. (Id. at 8-11.) Accordingly, the Court granted Defendants' request to reopen discovery and provided Defendants with the opportunity to further develop the record with respect to Defendant Jimenez's citizenship. (Id. at 11.) Defendants were directed to file a brief detailing the citizenship of Defendant Jimenez. (Id.)

On January 31, 2019, Plaintiff filed an Emergency Motion to Amend. (Doc. 357.) In her motion, Plaintiff requested that the Court amend its previous discovery order to also allow Plaintiff the opportunity to participate in discovery. (Id. at 3.) The Court granted Plaintiff's request and provided that Plaintiff was permitted to also file briefing with respect to Defendant Jimenez's citizenship. (Doc. 358.)

Now, the parties have each filed briefing which discuss the citizenship of Defendant Jimenez. (Doc. 365; Doc. 366; Doc. 373.)

In their briefings, Defendants contend that the record sufficiently demonstrates that Defendant Jimenez was a citizen of Florida at this time this action was removed. In support of their argument, Defendants cite a declaration obtained from Yamilet Jimenez, Defendant Jimenez's adult daughter. For her part, Plaintiff heavily contests that Defendants have sufficiently shown that Defendant Jimenez was a resident of Florida at the time of removal. In Plaintiff's view, neither the declaration of Ms. Jimenez nor any other evidence in the record demonstrates that Defendant Jimenez was a resident of Florida when this action was removed.

**ANALYSIS**

I. <u>LEGAL STANDARD</u>

Pursuant to 28 U.S.C. § 1441(a), an action filed in state court may be removed to federal court based upon diversity or federal question jurisdiction. When removal is based on diversity jurisdiction, "[t]he party seeking to invoke a federal forum traditionally bears the burden of persuasion on jurisdictional issues such as establishing the citizenship of the parties." <u>Life of S. Ins. Co. v. Carzell</u>, 851 F.3d 1341, 1344 (11th Cir. 2017) (citing <u>McNutt v. Gen. Motors Acceptance Corp. of Ind.</u>, 298 U.S. 178, 189 (1936); <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1094 (11th Cir. 1994)). Typically, the removing party can satisfy this

4

burden by "show[ing], by a preponderance of the evidence, facts supporting jurisdiction." Burns, 31 F.3d at 1094.

For an individual, "citizenship is determined by domicile, and it is well established that '[a] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" Cordell Funding, LLLP v. Jenkins, 722 F. App'x 890, 894 n.2 (11th Cir. 2018) (quoting Sunseri v. Macro Cellular Partners, 412 F.3d 1247, 1249 (11th Cir. 2005) (internal quotations omitted)). When determining a person's domicile, this Court accepts certain presumptions as true. These presumptions include the presumption "that the state in which a person resides at any given time is also that person's domicile," McDonald v. Equitable Life Ins. Co. of Iowa, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. 1998) (citing Dist. of Columbia v. Murphy, 314 U.S. 441, 455 (1941)), and that "once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state," id. (citing McDougald v. Jenson, 786 F.2d 1465, 1483 (11th Cir. 1986)). Outside of these presumptions, courts are permitted to

> examine numerous specific objective facts to determine whether a domicile has been established; these facts include: location of employment; home ownership and ownership of other real property; location of one's household furnishings; registration and title to one's automobiles; driver's licensing; voter registration; payment for utilities; banking; acquiring a telephone

5

number and listing it; receiving mail; and establishing membership in local professional, civic, religious, or social organizations.

Audi Performance & Racing, LLC v. Kasberger, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003) (internal quotations omitted). Importantly, the Court must consider these facts in order to determine the individual's citizenship at the time of removal. Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1317 (11th Cir. 2017).

II. CITIZENSHIP OF FAUSTINO JIMENEZ

As the crux of their argument that Defendant Jimenez was domiciled in Florida at the time this action was removed in 2009, Defendants rely on a declaration made by Defendant Jimenez's daughter, Yamilet Jimenez. (Doc. 365, Attach. 1.) In the declaration, Yamilet Jimenez purports that her father immigrated to Florida in 1999 and has lived in Florida continuously ever since that time. (Id. at ¶¶ 3-4.) Ms. Jimenez asserts that Defendant Jimenez has never lived in any other state or expressed any intent to live in another state. (Id. at ¶ 4.) Defendants contend that this declaration, in conjunction with other circumstantial evidence in the record, is sufficient to establish that Defendant Jimenez was domiciled in Florida in November of 2009.

In response, Plaintiff argues that Defendants have not met their burden. Plaintiff asserts that Defendants have failed to satisfy their burden to establish the citizenship of Defendant

Jimenez because (1) Defendants should have deposed Defendant Jimenez in order to properly ascertain his domicile in 2009; and (2) the declaration provided by Yamilet Jimenez is unauthenticated and does not prove Defendant Jimenez's citizenship. Ultimately, Plaintiff contends that the evidence in the record fails to demonstrate that Defendant Jimenez was domiciled in Florida at the time this case was removed. For the following reasons, the Court disagrees with Plaintiff's arguments.

First, this Court does not agree with Plaintiff's assertion that Defendants were required to depose Defendant Jimenez in order to determine his citizenship in 2009. There is simply no legal requirement that a defendant must directly testify as to their citizenship. Parties regularly support their jurisdictional allegations with circumstantial evidence. See, e.g., Lustig v. Stone, 679 F. App'x 743, 745 (11th Cir. 2017) (concluding that a district court did not err in finding that a party, despite the party's own testimony to the contrary, was a resident of New York after "multiple documents in the record demonstrated that [the party] maintained a residence in New York"). In fact, some courts may actually prefer and give greater weight to circumstantial evidence of a defendant's citizenship over a defendant's testimony as to their own citizenship. See Molinos Valle Del Cibao, C por A v. Lama, 633 F.3d 1330, 1342 (11th Cir. 2011) ("Courts generally

give little weight to a party's profession of domicile; they do so because these declarations are often self-serving.").

Further, Plaintiff has failed to offer any reason why the testimony of Defendant Jimenez would be particularly necessary in this case. Plaintiff has not identified anything distinctly unique about this case which would require Defendants to prove the citizenship of a party solely with testimony from that party. Moreover, from the declaration provided by Yamilet Jimenez, it appears that Defendant Jimenez may have a medical condition which impairs his ability to communicate. (Doc. 365, Attach. 1 at ¶ 6.) Given Defendant Jimenez's apparent inability to provide testimony as to his citizenship, the Court rejects Plaintiff's contention that Defendants were somehow required to depose Defendant Jimenez in order to establish his citizenship. Even if Defendant Jimenez could have offered relevant testimony, however, the Court still finds that there is no such requirement in the law.

Instead of offering Defendant Jimenez's direct testimony, Defendants have offered a declaration from his daughter. Plaintiff attempts to argue that the declaration provided by Ms. Jimenez should not be considered by this Court because it is unauthenticated. Plaintiff complains that the declaration is not notarized or verified. Plaintiff asserts that there is no way of to confirm Ms. Jimenez's identity, that she is actually Defendant

Jimenez's daughter, or that she has actual knowledge of her father's residency in 2009.

This Court wholly disagrees with Plaintiff's assertion that the declaration is unauthenticated and should not to be considered by the Court. In the declaration, Ms. Jimenez swears under penalty of perjury that she is the daughter of Defendant Jimenez, "the same person whose Permanent Resident Card (with an issue date of January 3, 1999) and a Florida driver's license are attached to this Declaration." (Doc. 365, Attach. 1 at ¶ 1.) Moreover, Ms. Jimenez purports that the affidavit is based on her personal knowledge of her father's residency. (Id. at 2.) Due to the fact that the declaration is given under penalty of perjury, the Court has no legitimate reason to doubt its authenticity. Despite Plaintiff's best effort to undermine the declaration, the Court finds that the declaration is relevant evidence of Defendant Jimenez's domicile at the time this case was removed.

Even with the declaration, Plaintiff still maintains that the evidence in the record fails to demonstrate that Defendant Jimenez was domiciled in Florida at the time of the removal of this action. Plaintiff contends that the declaration does not state where Defendant Jimenez resided in 2009, but instead relies on impermissible generalities that he has never lived in any other state or expressed any intention to live outside of Florida. Further, Plaintiff argues that there is "evidence indicating that

[Defendant] Jimenez was physically located in Georgia and may still have been in Georgia on the date of removal." (Doc. 366 at 12.) Here, Plaintiff claims that Defendant Jimenez faced criminal charges in Chatham County, Georgia and that he was incarcerated for a period of time near the time that this case was removed. Plaintiff contends that there is no evidence in the record to demonstrate how long Defendant Jimenez was incarcerated or how long he remained in Georgia. Without this evidence, Plaintiff contends that Defendants have failed to demonstrate that Defendant Jimenez was domiciled in Florida at the time this case was removed.

After careful consideration, the Court wholly rejects Plaintiff's argument. There is no requirement that Defendant provides irrefutable evidence of Defendant Jimenez's citizenship at the time this case was removed. Instead, Defendants are only required to establish his citizenship by a preponderance of the evidence. Burns, 31 F.3d at 1094. In this case, the Court finds that the declaration by Yamilet Jimenez, in conjunction with other evidence in the record, sufficiently establishes that Defendant Jimenez was domicile in Florida at the time this action as removed. (See also Doc. 339, Attach. 13; Doc. 365, Attach. 2.) A mere suggestion that Defendant Jimenez was incarcerated for a period of time does not impact this Court's finding. See Sullivan v. Freeman, 944 F.2d 334, 337 (7th Cir. 1991) (concluding that "the domicile of the prisoner before he was imprisoned is presumed to remain his

domicile while he is in prison"). Ms. Jimenez's declaration clearly supports other documents in the record that demonstrate that Defendant Jimenez has never lived in, or had the intent to live in, any other state other than Florida. There is no evidence in the record that calls any statement made by Ms. Jimenez into question. In this Court's view, Defendants have successfully established that Defendant Jimenez was domiciled in Florida at the time this action was removed in November of 2009. The Clerk is **DIRECTED** to return this case to the Eleventh Circuit.

SO ORDERED this 9th day of May 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA